# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

ENRIQUE MARTINEZ, *et al.*,

            Plaintiffs,

vs.

MXI CORP., *et al.*,

            Defendants.

CASE NO. 3:15-cv-00243-MMD-VPC

[PROPOSED] ORDER SCHEDULING FAIRNESS HEARING, GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CONDITIONALLY CERTIFYING THE SETTLEMENT CLASS, AND PROVIDING FOR NOTICE

WHEREAS, Plaintiffs Enrique Martinez, Michelle Martinez, Sunshine Martinez-Valdez, Beckie Lobb, and Paula Wilson ("**Plaintiffs**" or "**Class Representatives**") and Defendants (a) MXI Corp., Jeannette Brooks, Martin Brooks, and Andrew Brooks (collectively, the "**MXI Defendants**"), (b) Paula Pritchard, Kathleen Robbins, Ian Murray, Judy Murray, Sandy Chambers, and Kerry Dean (collectively, the "**Pritchard Defendants**"), (c) Adam Paul Green, Derrick Winkel, Paul Engemann, and Felix Gudino (collectively, the "**Green Defendants**"), and (d) Jeremy Reynolds, Dr. Gordon Pedersen, Connie Hollstein, Sherman Smith, Ruth Smith, William "Butch" Swaby, and Glen Overton (collectively, the "**Reynolds Defendants**," and together with the MXI Defendants, Prichard Defendants, and Green Defendants, the "**Defendants**") have entered into a Settlement Agreement dated November 3, 2016 (the "**Settlement**"), after lengthy arms-length negotiations; and

WHEREAS, the Court has received and considered the Settlement, including the accompanying exhibits; and

WHEREAS, the Parties have made an application, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure (the "**Rules**"), for an order preliminarily approving the settlement of this Action; and

WHEREAS, the Court has reviewed the Parties'[1] application for such order, and has found good cause for the same.

NOW, THEREFORE, IT IS HEREBY ORDERED:

## I.   THE CLASS IS CERTIFIED FOR SETTLEMENT PURPOSES

1.    The Court has jurisdiction over the subject matter and parties to this proceeding, including all members of the Class, pursuant to 28 U.S.C. § 1332(d).

2.    Venue is proper in this District.

3.    Pursuant to the class action criteria of Rule 23(a) and 23(b), the Court provisionally certifies, for settlement purposes only, a class consisting of all MXI Associates who (1) received less money from MXI than they paid MXI in fees or product purchases over the course of their associations with MXI, up to the Execution Date, (2) made any payment to MXI to purchase product or pay fees between May 1, 2011 and the Execution Date, and (3) were U.S. residents at any time between May 1, 2011 and the present; provided, however, that the Defendants, their affiliates, their management, their employees and their spouses are excluded from the Class, provided further that the foregoing exclusions shall not include MXI Associates other than any Defendants.

4.    The Court preliminarily finds that the Class meets the prerequisites for a class action under Rule 23(a) in that: (a) the Class is so numerous that joinder of all individual Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Class and those common questions of law and fact predominate over any individual questions; (c) the claims of the Plaintiffs are typical of the claims of the Class; and (d) the Plaintiffs and their counsel will fairly and adequately represent the interests of the Class.

---

[1] Unless otherwise noted, capitalized terms shall have the meaning ascribed to them in the Settlement Agreement.

5. The Court also preliminarily finds that the requirements for Rule 23(b)(2) are met in that MXI has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief is appropriate respecting the Class as a whole.

6. The Court also preliminarily finds that the requirements for Rule 23(b)(3) are met in that common questions of law or fact common to the Class Members predominate over any questions affecting only individual Class Members, and that adjudicating the rights of the Class Members as a class is superior to other available methods for fairly and efficiently adjudicating the controversy. In making this finding, the Court has considered the Class Members' interests in individually controlling the prosecution of their claims against the Defendants; the fact that there appears to be no litigation concerning the controversy already begun by Class Members, other than this Action; that it is desirable to concentrate the litigation of all Class Members' claims before this Court; and the lack of difficulties in managing this Class Action under the procedures set forth in the Settlement.

7. Pursuant to Rule 23, the Court appoints Plaintiffs as the Class Representatives for the Settlement Class.

8. Having considered the factors set forth in Rule 23(g)(1), the Court appoints R. Adam Swick and J. Benjamin King of Reid Collins & Tsai LLP and John P. Desmond and Justin J. Bustos of Dickinson Wright PLLC as Class Counsel.

## II. THE COURT PRELIMINARILY APPROVES THE SETTLEMENT AND SCHEDULES THE FAIRNESS HEARING

9. The Court hereby preliminarily approves the Settlement and the terms and conditions of settlement set forth therein, subject to further consideration at the Fairness Hearing described below.

10. The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Settlement. Based on this evaluation, the Court preliminarily finds that the

Settlement is fair, reasonable, and adequate, and within the range necessary for preliminary approval and that the Settlement appears to have been negotiated in good faith at arms' length between experienced attorneys familiar with the legal and factual issues of this case.

11.   The Court therefore preliminarily approves the proposed Settlement.

12.   Pursuant to Rule 23(e) the Court will hold a settlement hearing (the **"Fairness Hearing"**) on [INSERT], at [INSERT] in the Courtroom of the Honorable Miranda Du, United States District Court for the District of Nevada, Courtroom [INSERT], 400 S. Virginia Street, Reno, Nevada 89501 for the following purposes:

   a.   Finally determining whether the Class meets all applicable requirements of Federal Rules of Civil Procedure Rule 23 and, thus, the Class should be certified for purposes of effectuating the settlement;

   b.   Finally determining whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement is fair, reasonable, and adequate and should be approved by the Court;

   c.   Considering any application of Class Counsel for an award of attorneys' fees and expenses;

   d.   Considering any application of the Class Representatives for service awards;

   e.   Considering whether the Court should enter the Proposed Final Judgment and Order Approving Settlement; and

   f.   Ruling upon such other matters as the Court may deem just and proper.

13.   The Court may adjourn the Fairness Hearing and later reconvene such hearin without further notice to the Class Members.

14. The Parties may further modify the Settlement prior to the Fairness Hearing so long as such modifications do not materially change the terms of the settlement provided thereunder. The Court may approve the Settlement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Class Members.

## III. THE COURT APPROVES THE FORM AND METHOD OF CLASS NOTICE

15. The Court determines that notice should be provided to members of the Settlement Class.

16. The Court approves, as to form and content, the proposed Settlement Notice and Claims Form, which are attached as Exhibits B and C to the Settlement.

17. The Court approves the designation of Lain Faulkner & Co., PC to serve as the Court-appointed Settlement Administrator for the settlement. The Settlement Administrator shall disseminate the Settlement Notice and Claim Form and supervise and carry out the Notice Program, the processing of Claims, and other administrative functions described in the Settlement and this Order.

18. The Court directs the MXI Defendants to provide to the Settlement Administrator the MXI Notice List within seven (7) days of entry of this Order.

19. The Court approves the proposed Notice Program described in the Settlement for giving notice to the Class. The Notice Program, in form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances. The Court hereby directs the Parties and the Settlement Administrator to send the electronic notices required by the Notice Program no later than 60 days before the Fairness Hearing.

20. Prior to the Fairness Hearing, Class Counsel will file with the Court proof that Notice was provided in accordance with the Settlement and this Order, as well as proof that

1  notice was provided to the appropriate state and federal officials pursuant to the Class Action

2  Fairness Act, 28 U.S.C. § 1715.

3      21.   The costs of the Class Notice, processing of Claims, creating and maintaining the

4  Settlement Website, and all other Settlement Administrator and notice and claim administration

5  expenses shall be paid out of the Settlement Fund in accordance with the applicable provisions of

6  the Settlement.  If the Settlement is not finally approved, Class Counsel shall pay the notice and

7

8  administration costs.

9  IV.   **PROCEDURE FOR CLASS MEMBERS TO PARTICIPATE IN THE SETTLEMENT**

10

11     22.   All Class Members shall be bound by all determinations and judgments in the

12  Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

13     23.   The Court approves the Parties' proposed form of the Claims Form.  Any Class

14  Member who wishes to receive a distribution from the settlement shall complete a Claims Form

15  in accordance with the instructions contained therein and submit it to the Settlement

16  Administrator postmarked no later than 60 days after and received no later than 70 days after the

17  Settlement Administrator first emails the Claims Form (**"Claims Deadline"**) to the Class

18  Members.  Such deadline may be further extended without notice to the Class by Court order.

19

20     24.   The Settlement Administrator shall have the authority to accept or reject Claims

21  in accordance with the Settlement.

22  V.   **PROCEDURE FOR REQUESTING EXCLUSION FROM THE SETTLEMENT CLASS**

23

24     25.   Any person falling within the definition of the Class who desires to be excluded

25  from the Class must request exclusion in writing to the Settlement Administrator no later than 21

26  days before the Fairness Hearing.  The exclusion request must include the person's name, name

27

28

at the time the person was an MXI Associate, telephone number, address, social security number, and MXI account number (if known).

26.     Any Class Member who does not submit a written exclusion request will be deemed to be a Class Member for all purposes and will be bound by all further orders of the Court in this Action and by the terms of the Settlement, if finally approved by the Court.

27.     All persons who submit valid and timely requests for exclusion in the manner set forth in the Settlement shall not be entitled to receive any award of cash or product, nor will such persons participate in the releases of the Defendants and the Class Members described in the Settlement.

28.     Whether or not a person submits a request for exclusion, that person will remain a Class Member for purposes of the Injunctive Relief described in the Settlement.

29.     A list reflecting all requests for exclusion shall be filed with the Court by the Settlement Administrator at or before the Fairness Hearing.

## VI.     PROCEDURE FOR OBJECTING TO THE SETTLEMENT

30.     Any Class Member who desires to object to either the Settlement, Class Counsel's request for an award of attorneys' fees and expenses, or the Class Representatives' request for service awards, must timely file with the Clerk of this Court and timely serve on the Parties' counsel identified below by hand or first-class mail a notice of the objection(s) and the grounds for such objections, no later than 21 days prior to the Fairness Hearing (the **"Objection Deadline"**).

31.     A Class Member may not both object and request exclusion. If a Class Member submits both a request for exclusion and an objection, the request for exclusion will be controlling and the objection will be deemed improperly made.

32.    The Court will consider such objection(s) and papers only if such papers are received on or before the Objection Deadline, by the Clerk of the Court and by Class Counsel and Defendants' counsel. Such papers must be sent to each of the following persons:

| Court | Class Counsel | Defense Counsel |
|---|---|---|
| Clerk of Court<br>U.S. District Court for the District of Nevada—Reno<br>400 S. Virginia St.<br>Reno, NV 89501 | R. Adam Swick<br>Reid Collins & Tsai LLP<br>1301 S. Capital of Texas Hwy<br>Suite C300<br>Austin, TX 78746 | Douglas Rands<br>9498 Double R Blvd., Suite A<br>Reno, NV 89521<br><br>Lesley Miller<br>Kaempfer Crowell<br>1980 Festival Plaza Dr.<br>Suite 650<br>Las Vegas, NV 89135-2958<br><br>Joshua Maggard<br>Quarles & Brady LLP<br>411 E. Wisconsin Ave.<br>Milwaukee, WI 53202-4426 |

33.    All objections must include (a) a heading which refers to the Action, *Martinez, et al. v. MXI Corp., et al.*, Case No. 3:15-cv-00243-MMD-VPC (D. Nev.); (b) the objector's name, address, telephone number and, if represented by counsel, the address of his/her counsel; (c) a statement that the objector was an MXI distributor or associate during the Class Period; and (d) a statement of such objection, as well as the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention. No objection will be valid unless all of the information described above is included.

34.    Class Members may object on their own or through counsel hired at their own expense.

35.    All objections must be filed with the Clerk and served on the Parties' counsel as set forth above no later than the Objection Deadline. Objections received after the Objection Deadline will not be considered at the Fairness Hearing. A person's failure to submit a written objection in accordance with the procedure set forth above waives any right the person may have to object to the settlement, the award of attorneys' fees and expenses, or Plaintiffs' service

1  awards, or to appeal or seek other review of the Final Judgment and Order Approving

2  Settlement.

3      36.    Any Class Member who files a written objection and who wishes to be heard

4  orally with respect to approval of the settlement, the application for an award of attorneys' fees

5  and expenses, or the application for Plaintiffs' service awards, either in person or through

6  counsel at that Class Member's expense, must deliver to Class Counsel and Defense Counsel and

7  file with the Court by the date specified in the Settlement Notice, which will be no later than 14

8  days before the Fairness Hearing, or as the Court may otherwise direct, a notice of intention to

9  appear and a statement identifying any documents the Class Member will seek to introduce or

10  witnesses the Class Member will seek to call at the Fairness Hearing.

11

12      37.    Class Members who do not oppose the settlement, the application for an award of

13  attorneys' fees and expenses, or the application for Plaintiffs' service awards need not take any

14  action to indicate their approval.

15

16      38.    Class Counsel and Defense Counsel will promptly furnish each other with copies

17  of any and all objections to the Settlement Agreement that might come into their possessions and

18  that are not filed with the Court.

19      39.    Counsel are hereby authorized to use all reasonable procedures in connection with

20  approval and administration of the Settlement that are not materially inconsistent with this Order

21  or the Settlement, including making, without further approval of the Court, minor changes to the

22  form or content of the Notice and Claims Form and other exhibits that they jointly agree are

23  reasonable and necessary.  The Court reserves the right to approve the Settlement with such

24  modifications, if any, as may be agreed by the parties without further notice to the members of

25  the Settlement Class.

26

27

28

40.     Accordingly, the following are the deadlines by which certain events must occur unless otherwise ordered:

| | |
|---|---|
| 60 days before the Fairness Hearing | Deadline to provide Settlement Class Notice |
| Postmarked no later than 60 days after and received no later than 70 days after the Claims Form is emailed | Deadline for Settlement Class members to submit a Claim Form |
| 21 days before the Fairness Hearing | Deadline for Settlement Class members to file Objections or submit requests for exclusion |
| 14 days before the Fairness Hearing | Deadline for Settlement Class members to file notice of intention to appear at Fairness Hearing |
| February 27, 2017 at 10:00 AM in Reno Courtroom 5. | Fairness Hearing |

**IT IS SO ORDERED:**

Dated: November 21        , 2016

United States District Judge

# EXHIBIT B

U.S. DISTRICT COURT FOR THE DISTRICT OF NEVADA
Enrique Martinez, et al. v. MXI Corp., at al., Case No. 3:15-cv-00243

CLAIM FORM

Deadline for Submission:  [DATE] (the "Filing Deadline")

Plaintiffs and Defendants in the case referred to above have entered into a Settlement Agreement (the "Settlement"). The Court hearing the case has determined that it should proceed as a class action. The Court has not yet approved the Settlement. There will be no payment of awards to anyone until the Court approves the Settlement. The Court may never approve the Settlement.

For more information, review the Notice of Settlement accompanying this Claim Form. You can get a copy of the Settlement, read other key case documents, and get more information at [WEBSITE]. You can also call the Settlement Administrator at [PHONE NUMBER] for more information or to receive help filling out this Claim Form. Do not contact the Court, Defendants, or Defendants' counsel.

If you were an Associate or Distributor associated with MXI Corp. ("MXI") in the United States at any time between May 1, 2011 and November 3, 2016, you may be able to receive one of the following benefits under the Settlement:

- **Cash Award:** Based on the amount of money you ever paid MXI less the amount of money you have ever received from MXI.

- **Product Award:** Up to a $50.00 gift certificate or credit for future MXI product purchases. MXI will offer products with a cost below $50 (including shipping).

If you were sent a copy of this Claim Form, MXI's records indicate that you might qualify for an award. To file a claim to obtain a cash award or a product award, you must do **five** things by the submission deadline.

1.     **Provide the following information:** If you do not know some of the information requested, provide as much as you know. All information will be kept confidential and used only for the purposes of administering the settlement.

NAME _____     _____     _____
　　　　　First　　　　　　　　　　　　　　　　Middle　　　　　　　　　　　　　　　　　Last

MXI DISTRIBUTOR/ASSOCIATE ID: _____

SOCIAL SECURITY NUMBER: _____  _____  _____     DATE OF BIRTH: _____ / _____ / _____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Month　　Day　　　Year

QUESTIONS?  CALL _____ TOLL FREE
1

MAILING ADDRESS(ES) *(Current and when you were an MXI Associate, if different):*

| | |
|---|---|
| _____ | Previous Address |
| Current Address | |
| _____ | Previous Address |
| Current Address | |
| _____  _____  ____ | _____  _____  ____ |
| City         State  Zip | City         State  Zip |

TELEPHONE NUMBER(S) *(Current and when you were an MXI Associate, if different):*

| | |
|---|---|
| _____ | Previous |
| Current | |

EMAIL ADDRESS(ES) *(Current and when you were an MXI Associate, if different):*

| | |
|---|---|
| _____ | Previous |
| Current | |

**2.  Review, and if appropriate, sign below the following statement:**

To be eligible for a Cash Award you must certify that you participated in the MXI program principally to earn income. If you do not make this certification, you will not be eligible for a Cash Award, <u>but</u> may receive a Product Award.

## I CERTIFY UNDER PENALTY OF PERJURY THAT I PARTICIPATED IN THE MXI PROGRAM PRINCIPALLY TO EARN INCOME.

Signature:  _____

Printed Name:  _____

The Settlement Administrator will calculate Cash Awards using the process described in the Settlement Notice and the Settlement Agreement.

**3.  Provide the Following Information, If Applicable**

If you certified that you participated in the MXI program principally to earn income, and you paid for <u>other</u> MXI Associates' purchases or fees (in addition to your own purchases and fees), you may be eligible to receive compensation for those payments. To receive compensation for those payments, you <u>must</u> provide information to the Settlement Administrator enabling it to identify the payments, such as:

- The names of the MXI Associates for whose accounts you made payments;
- The account numbers of the other MXI Associates;
- The credit card numbers you used to make those payments;
- Receipts or invoices from those payments; or
- Any other information you can provide establishing that you made those payments.

| MXI Associate you purchased for | Related MXI Associate Account Number | Credit card number used in the transaction | Receipts/Invoices [please ✓ box if attached] |
|---|---|---|---|
| _____ | _____ | _____ | ☐ |
| _____ | _____ | _____ | ☐ |
| _____ | _____ | _____ | ☐ |

**Important:** You DO NOT need to provide this additional information to establish the payments you made for your own account.

4.   **Complete This Declaration**

**I CERTIFY UNDER PENALTY OF PERJURY THAT THE INFORMATION CONTAINED IN THIS CLAIMS FORM IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.**

Signature: _____

Printed Name: _____

Date: _____

5.   **Return this Claim Form to the Settlement Administrator**

The Claim Form can be submitted by e-file, mail, or e-mail.  If submitting by mail, the Claim Form must be postmarked no later than the Filing Deadline and sent to:

Settlement Administrator
Jason Rae
Lain, Faulkner & Co., P.C.
400 N. St. Paul, Suite 600
Dallas, Texas 75201

If submitting by e-mail, send your Claim Form to [E-mail address].  You may also fill out the form on the Settlement Website (address).

**Do not call the Settlement Administrator or Class Counsel to ask how much your award will be or when you will receive it.  We will not know until the claims administration process is complete.   The Settlement Administrator will distribute awards as soon as possible.**

**If you receive a Cash Award, it will very likely be LESS than the difference between the money you paid MXI and the money you received from MXI because all awards will be reduced so that the total of the awards does not exceed the Net Settlement Fund.**

QUESTIONS?  CALL _____ TOLL FREE

3

# EXHIBIT C

U.S. DISTRICT COURT FOR THE DISTRICT OF NEVADA
Enrique Martinez, et al. v. MXI Corp., at al., Case No. 3:15-cv-00243

## NOTICE OF PROPOSED SETTLEMENT AND FAIRNESS HEARING

**If you were an Associate or Distributor associated with MXI Corp. ("MXI") in the United States at any time between May 1, 2011 and November 3, 2016, you could get benefits from a class action settlement.**

**A settlement of the case has been proposed. You may object to or opt-out of the settlement, and you may submit a claim to receive a benefit in the event the court approves the settlement.**

Those included in the settlement may be eligible to receive compensation. MXI has also agreed to change or preserve recent changes to its business practices.

**Your legal rights are affected even if you do nothing. Please read this Notice carefully.**

*This is a court-authorized notice. This is **not** a solicitation from a lawyer.*

- Five MXI Associates have brought a class action against MXI and several individual defendants alleging that the Defendants operated a pyramid scheme contrary to Nevada law.

- The Court has ordered that this case proceed as a class action for the purposes of settlement. This means that (subject to some exceptions described below) the Plaintiffs represent a class of persons who (1) received less money from MXI than they paid MXI in fees or product purchases; (2) made any payment to MXI to purchase product or pay fees since May 1, 2011; and (3) were U.S. residents at any time between May 1, 2011 and the present.

- The Plaintiffs have been appointed by the Court to represent the interests of the class. Certain attorneys—known as "Class Counsel"—have also been appointed by the Court to represent the class. Defendants and Plaintiffs have recently entered into a Settlement Agreement, but the Settlement Agreement will not become effective until the Court approves it at a Fairness Hearing. The Court has scheduled the Fairness Hearing for [TIME] on [DATE].

- At the Fairness Hearing, the Court will consider the fairness, reasonableness, and adequacy of the Settlement Agreement. The Court may also consider Class Counsel's motion for an award of attorneys' fees and expenses and Plaintiffs' motion for service awards, which will be filed in advance of the Fairness Hearing. Class Counsel will request no more than $1,600,000 in attorneys' fees and expenses. Plaintiffs will request no more than $10,000 for each Class Representative for service awards.

- MXI's records show that you may be a member of the Class. You have received this Notice because Class Members have the right to object to the Settlement Agreement, to Class Counsel's motion for attorneys' fees and expenses, and to the Plaintiffs' motion for service awards. You have also received this notice, along with a Claims Form, so that you may submit a claim for compensation in accordance with the Settlement Agreement. You also have the right to opt out of the Class.

QUESTIONS? CALL _____ TOLL FREE

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| MAIL A CLAIMS FORM OR FILE A CLAIM ON THE CLASS WEBSITE | This is the only way to receive any compensation. The deadline to submit a Claims Form is [DATE]. See Questions 8-13 below for more information. |
| EXCLUDE YOURSELF FROM SETTLEMENT | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against the Defendants about the legal claims in this case. The postmark deadline to exclude yourself is [DATE]. See Question 17 below for more information. |
| OBJECT | Write to the Court about why you do not like the settlement. You may object to the Settlement Agreement and file a Claims Form. The deadline to object is [DATE]. See Questions 14-15 below for more information. |
| GO TO A HEARING | The Court has set the Fairness Hearing on [DATE] at [TIME] regarding the fairness of the Settlement Agreement. You may appear at the hearing, but don't have to. You may hire your own attorney to appear for you. See Question 16 below for more information. |
| DO NOTHING | If the Settlement Agreement is approved and you do nothing, you will receive no compensation from the Settlement Agreement and you will be bound by the settlement terms and judgment and will not be able to later sue Defendants about the claims in this lawsuit. See Question 18 below for more information. |

1.     **Why did I get this notice package?**

This notice is being sent to MXI Associates—individuals or entities who agreed with MXI to purchase MXI products at wholesale and receive compensation for recruiting other MXI Associates and based on the other MXI Associates' purchase of MXI product—who (1) received less money from MXI than they paid MXI in fees or product purchases over the course of their associations with MXI, up to November 3, 2016, (2) made any payment to MXI to purchase product or pay fees between May 1, 2011 and November 3, 2016, and (3) were U.S. residents at any time between May 1, 2011 and the present. People who fall within this definition are Class Members.

You were sent this notice because, based on MXI's records, you appear to be a Class Member. Class Members have a right to know about the proposed settlement of this class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves it, and after objections and appeals are resolved, the benefits provided by the Settlement Agreement will be distributed to the Class Members.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the District of Nevada and the case is known as *Martinez, et al. v. MXI Corp., et al.*, Case No. 3:15-cv-00243. Judge Miranda Du is overseeing this class action. The people who sued are called "Plaintiffs." The people who were sued are the "Defendants": MXI Corp., Jeanette Brooks, Martin Brooks, Andrew Brooks, Jeremy Reynolds, Paula

Pritchard, Kathleen Robbins, Ian Murray, Judy Murray, Sandy Chambers, Kerry Dean, Gordon Pedersen, Connie Hollstein, Sherman Smith, William "Butch" Swaby, Glen Overton, Adam Paul Green, Derrick Winkel, Paul Engemann, and Felix Gudino.

2.    **What is this lawsuit about?**

The lawsuit was filed on May 1, 2015 on behalf of three of the Plaintiffs (two more joined the case later) and similarly situated people (the "Settlement Class"). The Plaintiffs alleged that the Defendants operated a pyramid scheme contrary to Nevada law and that they suffered damages because of Defendants' operation of a pyramid scheme. The lawsuit seeks injunctive relief to require changes to MXI's business practices and the recovery of damages.

3.    **What is a class action and who is involved?**

In a class action, the plaintiffs as class representatives sue on behalf of themselves and other people who have similar claims and represent their interests. The people who have similar claims together are called a "class" or "class members." In a class action, one court resolves the issues for everyone in the class— except for those people who exclude themselves from the class.

4.    **Why is this lawsuit a class action?**

The Court decided that this lawsuit can be a class action for the purposes of settlement because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts.

5.    **Has the Court decided who is right?**

There has been no trial, and the Court has not decided whether Plaintiffs or Defendants are right as to whether MXI was a pyramid scheme. Instead, both sides agreed to a settlement. That way, both sides avoid the cost of a trial, and the people affected will get compensation. Unless the Settlement Agreement is approved, Plaintiffs must prove their claims at a trial on a date to be determined. By entering into the Settlement Agreement, the Defendants have not admitted any wrongdoing.

6.    **Is there any money available now?**

No money or other benefits are available now because the Court has not yet approved the Settlement Agreement and has not yet decided whether the Defendants did anything wrong. There is no guarantee that money or benefits will ever be obtained. However, if you want to receive compensation from the proposed Settlement Agreement, you must participate as a class member.

7.    **How do I know if I am part of the settlement?**

The Class Members are described in the Settlement Agreement. In general, all MXI Associates are included in the Class who (1) received less money from MXI than they paid MXI in fees or product purchases over the course of their associations with MXI, up to November 3, 2016, (2) made any payment to MXI to purchase product or pay fees between May 1, 2011 and November 3, 2016, and (3) were U.S. residents at any time between May 1, 2011 and the present. According to MXI's records, you are a Class Member.

You are not a Class Member if you are a Defendant, a Defendant's affiliate, manager, employee, or spouse, provided that the foregoing exclusions shall not cover MXI Associates other than Defendants.

If you are still not sure whether you are included, you can ask for free help by contacting Plaintiffs' counsel at: (512) 647-6126. You can also call 1-800-XXX-XXXX or visit [website] for more information. Or you can fill out and return the Claims Form, to see if you qualify.

8. **What does the Settlement Agreement Provide?**

The proposed Settlement Agreement categorizes Class Members as "Income Members" and "Consumer Members." Income Members are Class Members who principally participated in the MXI program to earn income. Income Members may receive a Cash Award. Consumer Members are Class Members who are not Income Members. They may receive a Product Award.

The proposed Settlement Agreement provides that the Defendants will establish two funds to provide two different types of compensation for Class Members:

- **Cash Settlement Fund:** $4,332,000 in cash will be used to pay Income Members. This fund will also be used to service awards, attorneys' fees and costs, costs to administer the settlement and any cy pres payment.

- **Product Fund:** Up to $1,750,000 in MXI credits or gift certificates will be used to compensate Consumer Members.

MXI has also agreed to make or continue several changes:

Within 150 days of the Effective Date, MXI will provide to Class Counsel: (a) copies of any policies, procedures, rules, regulations, and agreements that then govern or apply to its contractual relationships with its members and its preferred customers; (b) evidence that MXI is no longer encouraging or incentivizing its members to purchase goods or services to maintain eligibility for bonuses, rewards, or commissions; (c) evidence that MXI is no longer inducing others to encourage or incentivize members to purchase goods or services to maintain an eligibility for bonuses, rewards, or commissions; (d) evidence that MXI is encouraging its members to purchase goods or services for resale or personal use; and (e) evidence that MXI requires a member to have at least 51% of his or her group qualifying sales volume of goods or services from preferred customers in order to earn compensation.

Within 30 days of the Effective Date, MXI will be enjoined from paying any compensation to its members unless at least 10% of the member's group qualifying sales volume of goods or services are from preferred customer sales.

Within 60 days of the Effective Date, MXI will be enjoined from paying any compensation to its members unless at least 20% of the member's group qualifying sales volume of goods or services are from preferred customer sales.

Within 90 days of the Effective Date, MXI will be enjoined from paying any compensation to its members unless at least 30% of the member's group qualifying sales volume of goods or services are from preferred customer sales.

Within 120 days of the Effective Date, MXI will be enjoined from paying any compensation to its members unless at least 40% of the member's group qualifying sales volume of goods or services are from preferred customer sales.

Within 150 days of the Effective Date, MXI will be enjoined from paying any compensation to its members unless at least 51% of the member's group qualifying sales volume of goods or services are from preferred customer sales.

Note: The attorneys' fees and costs, settlement administration costs, and other relevant costs will be paid from the cash Settlement Fund. The remainder of the cash Settlement Fund will be used to pay valid claims submitted by Income Members.

More details on the settlement are available in the Settlement Agreement, which is available at: [website].

9.      **How do I get a cash payment from the Settlement Fund?**

To qualify for payment from the cash Settlement Fund, you must submit a Claims Form. You may fill out a Claims Form at the class action website ([_____]) or fill out the form accompanying this Notice and mail it in. Read the instructions carefully, fill out the form(s) and sign and (if not online) mail the form(s) postmarked no later than [DATE]. If you need help filling out or filing a Claims Form, please call _____. The Settlement Administrator may ask you for additional information. You must comply with the Settlement Administrator's requests or your claim could be rejected.

To receive a cash payment from the Settlement Fund, in your Claims Form, you must certify under penalty of perjury that you principally participated in the MXI program to earn income.

The base amount of your cash award will be the difference between the money you paid MXI and the money you received from MXI. This amount will be based on MXI's records. The amount of money you paid MXI is not restricted to money paid for your own MXI account, and may include money paid for other MXI Associates' or Distributors' accounts. To receive payment based on money paid for other MXI Associates' or Distributors' accounts, you must provide information regarding these other payments.

Your share of the cash Settlement Fund will depend on the base amounts of other Class Members' cash awards, the amount of attorneys' fees and costs awarded by the Court, the amount of any service awards to the Plaintiffs, and the amount of costs incurred by the Settlement Administrator in administering the Settlement. All Income Members' cash awards will be reduced on a *pro rata* basis so that the total of the awards is no more than the net amount of the Settlement Fund.

10.     **How do I get compensated from the Product Fund?**

If you do not certify under penalty of perjury that you principally participated in the MXI program to earn income, you are eligible for compensation from the Product Fund as a Consumer Member. A Consumer Member may submit a Claims Form requesting distribution from the Product Fund.

The Product Fund will be equal to $1,750,000 in MXI products at their current wholesale prices. A Product Award to a Consumer Member will be equal to $1,750,000 divided by the total number of Consumer Members submitting a valid Claims Form, up to a $50 per Consumer Member cap. You may use this Product Award to purchase MXI products. MXI will offer products with a cost below $50 (including shipping).

**11.   Can I get access to both the cash Settlement Fund and the Product Fund?**

No. If you certify that you principally participated in MXI to earn income, you are an Income Member and will be entitled to a cash payment from the Settlement Fund only.

**12.   When do I get my payment?**

Neither the Court nor the parties have this information yet. The Court will hold a Fairness Hearing on [DATE] at [TIME], to decide whether to approve the settlement. If the Court approves the settlement, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time. Once the Settlement Agreement is finally approved, the parties and the Settlement Administrator will work quickly and efficiently to process claims and issue awards.

**13.   What am I giving up to get a payment and stay in the Class?**

The Class will release the Defendants of any and all claims based on the alleged operation of a pyramid scheme, any consumer fraud, or any misrepresentation or omission made as of November 3, 2016.

Claims arising out of breach of any written agreement between Class Members and the Defendants regarding the payment of bonuses or commissions earned but unpaid as of the November 3, 2016, are specifically not released.

**14.   Why would I object?**

If you believe the proposed Settlement Agreement is not in your best interests or the best interests of the Class, you should consider objecting. However, if the Court does not approve the proposed Settlement Agreement, then the Plaintiffs will have to obtain class certification and prove their claims and the Class claims at trial, and there is no guarantee that they will be successful.

**15.   How do I object?**

If you want to object, you must file an objection with the United States District Court for the District of Nevada noting the name of the case and the case number. You must set forth a statement of your objection as well as the specific reasons for each objection, including any legal or evidentiary support for the objection. An attorney may assist you with your objection, but you will have to hire that attorney at your own expense. The deadline for filing objections is [DATE]. You must also send a copy of your objection to Class Counsel and Defense Counsel. Here are the addresses you will need:

| Court | Class Counsel | Defense Counsel |
|---|---|---|
| Clerk of Court<br>U.S. District Court for the District of Nevada—Reno<br>400 S. Virginia St.<br>Reno, NV 89501 | R. Adam Swick<br>Reid Collins & Tsai LLP<br>1301 S. Capital of Texas Hwy<br>Suite C300<br>Austin, TX 78746 | Douglas Rands<br>9498 Double R Blvd., Suite A<br>Reno, NV 89521<br><br>Lesley Miller<br>Kaempfer Crowell<br>1980 Festival Plaza Dr.<br>Suite 650<br>Las Vegas, NV 89135-2958 |

QUESTIONS? CALL _____ TOLL FREE

|  |  | Joshua Maggard<br>Quarles & Brady LLP<br>411 E. Wisconsin Ave.<br>Milwaukee, WI 53202-4426 |
| --- | --- | --- |

## 16.   Attending the Court's Fairness Hearing

The Court will hold a Fairness Hearing to decide whether to approve the Settlement Agreement. You may attend and speak, but you do not have to. The Court has scheduled the Fairness Hearing on [DATE] at [TIME], at the United State District Courthouse for the District of Nevada, [address]. At the hearing, the Court will consider whether the Settlement Agreement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court may also listen to people who have asked to speak about an objection. At or after the hearing, the Court will decide whether to approve the Settlement Agreement. We do not know when the Court will issue its decision.

If you want to appear at the Fairness Hearing regarding an objection that you made, you must deliver to Class Counsel and Defense Counsel and file with the Court by [DATE], a notice of intention to appear and a statement identifying any documents that you will seek to introduce or witnesses you will seek to call at the Fairness Hearing.

## 17.   How do I exclude myself from the Class?

If you don't want a payment from this settlement, but you want to keep the right to sue the Defendants on your own about the legal claims in this case for monetary relief, then you must take steps to get out of the Class. This is called excluding yourself, or "opting out" of the Class. Excluding yourself is different than objecting to the Settlement Agreement. Objecting is simply telling the Court that you don't like something about the Settlement Agreement. Excluding yourself is telling the Court that you don't want to be part of the Class. You will not get any settlement payment and you cannot object to the settlement. You may be able to sue the Defendants about the legal issues in this case at your own expense.

To exclude yourself, you must provide in writing to the Settlement Administrator your name, address, telephone number, and a statement that you wish to be excluded from the Class. The Settlement Administrator's contact information is _____. Your exclusion must be postmarked no later than [DATE].

The Settlement Agreement calls for the Court to order MXI to change its business practices. Whether or not you exclude yourself from the Class, MXI will have to change its business practices as to all MXI Associates, and you will not have any right to sue MXI based on its business practice changes as required by the Settlement Agreement.

## 18.   What happens if I do nothing at all?

If you do nothing, you will get no distribution from the cash Settlement Fund or the Product Fund. And unless you exclude yourself, you will not be able to start a lawsuit, continue a lawsuit, or be part of any other lawsuit against the Defendants about the legal issues in this case, ever again, except as permitted in the Settlement Agreement.

19.   **Do I have a lawyer in this case?**

The Class Representatives and the Class are represented by Reid Collins & Tsai LLP of Austin, Texas and Dickinson Wright PLLC of Reno, Nevada.  These lawyers are called Class Counsel.  You will not be charged personally for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

Class Counsel has worked on this case since early 2015 to the present and have not been paid for their work to date.  Class Counsel will ask the Court to approve payment of fees not to exceed $1.6 million and costs.  Class Counsel will also ask the Court to award to each of the Class Representatives a service award not to exceed $10,000.  The service award is to compensate the Class Representatives for their respective commitment and effort on behalf of the Class Members in this case.

20.   **How do I get more information?**

This notice summarizes the proposed Settlement Agreement.  You can find more details in the Settlement Agreement.  You can get a copy of the Settlement Agreement, read other key case documents, and get more information at [WEBSITE].  You can also call _____ for more information.  Do not contact the Court, Defendants, or Defendants' counsel.

# EXHIBIT D

1

2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

3

ENRIQUE MARTINEZ, *et al.*,

4

        Plaintiffs,

5

    vs.

6

MXI CORP., *et al.*,

7

        Defendants.

8

9

CASE NO. 3:15-cv-00243-MMD-VPC

[PROPOSED] ORDER GRANTING
FINAL APPROVAL OF CLASS
ACTION SETTLEMENT,
SETTLEMENT CLASS
CERTIFICATION AND JUDGMENT

10

    WHEREAS, Plaintiffs Enrique Martinez, Michelle Martinez, Sunshine Martinez-Valdez,

11

Beckie Lobb, and Paula Wilson ("**Plaintiffs**" or "**Class Representatives**"), individually and on

12

13

behalf of all others similarly situated, on the one hand, and Defendants (a) MXI Corp., Jeannette

14

Brooks, Martin Brooks, and Andrew Brooks (collectively, the "**MXI Defendants**"), (b) Paula

15

Pritchard, Kathleen Robbins, Ian Murray, Judy Murray, Sandy Chambers, and Kerry Dean

16

(collectively, the "**Pritchard Defendants**"), (c) Adam Paul Green, Derrick Winkel, Paul

17

Engemann, and Felix Gudino (collectively, the "**Green Defendants**"), and (d) Jeremy Reynolds,

18

Dr. Gordon Pedersen, Connie Hollstein, Sherman Smith, Ruth Smith, William "Butch" Swaby,

19

20

and Glen Overton (collectively, the "**Reynolds Defendants**," and together with the MXI

21

Defendants, Prichard Defendants, and Green Defendants, the "**Defendants**"), on the other hand,

22

entered into a Settlement Agreement, filed November 3, 2016;

23

    WHEREAS, on [INSERT], 2016, this Court entered an Order Scheduling Fairness

24

Hearing, Granting Preliminary Approval of Class Action Settlement, Conditionally Certifying

25

the Settlement Class, and Providing for Notice (the "**Preliminary Approval Order**") (ECF No.

26

[INSERT]);

27

28

Page 1 of 7

WHEREAS, the Class Representatives have filed a Joint Motion for Final Approval of the Class Action Settlement;

WHEREAS, on [INSERT], 2017, this Court held a Fairness Hearing[1] to consider the following issues, among others:

(1)     Whether to finally certify the Class for settlement purposes;

(2)     Whether the terms of the Settlement Agreement are fair, reasonable, and adequate for the settlement of the claims being released by the Class, including all claims alleged in the First Amended Complaint filed in this Action;

(3)     Whether to enter the Injunctive Relief set forth in the Settlement Agreement;

(4)     Whether to direct the Parties to consummate the Settlement Agreement pursuant to its terms;

(5)     Whether to find that the notice provided the Class Members constituted due, adequate, and sufficient notice of the Settlement Agreement, meeting the requirements of due process and the Federal Rules of Civil Procedure (the **"Rules"**);

(6)     Whether to direct that the releases set forth in the Settlement Agreement be deemed effective as of the Effective Date;

(7)     Whether judgment should be entered dismissing the First Amended Complaint and on the merits with prejudice, without fees or costs to any party except as the Court may award Class Counsel or the Class Representatives from the Settlement Fund;

(8)     Whether, without affecting the finality of any order granting final approval of the Settlement Agreement and dismissing the Action, retain jurisdiction as to all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and this Order, and for any other necessary purpose; and

(9)     Incorporate any other provisions into the Final Order And Judgment that the Court deems necessary and just.

WHEREAS, the Court considered all objections to the Settlement Agreement submitted by Class Members;

---

[1] Unless otherwise noted, all capitalized terms have the meaning set forth in the Settlement Agreement (ECF No. ___).

1    WHEREAS, the Court considered all argument and evidence submitted by all Class
2  Members objecting to the Settlement Agreement, as well as all materials submitted by the Parties
3  in support of the Settlement Agreement, and the record as a whole.

4    NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED as follows:

5    1.    The Court has jurisdiction over the subject matter and parties to this proceeding,
6
7  including all members of the Settlement Class, pursuant to 28 U.S.C. § 1332(d).

8    2.    Venue is proper in this District.

9    3.    The Court orders that the following Settlement Class is finally certified for
10  settlement purposes only: All MXI Associates who (1) received less money from MXI than they
11  paid MXI in fees or product purchases over the course of their associations with MXI, up to the
12  November 3, 2016, (2) made any payment to MXI to purchase product or pay fees between May
13  1, 2011 and November 3, 2016, and (3) were U.S. residents at any time between May 1, 2011
14  and the present; provided, however, that the Defendants, their affiliates, their management, their
15
16  employees and their spouses are excluded from the Settlement Class, provided further that the
17  foregoing exclusions shall not cover MXI Associates other than any Defendants.

18    4.    For the purposes of approving the Settlement Agreement only and for no other
19  purpose, the Court finds that the Class meets the prerequisites for a class action under Rule 23(a)
20  in that: (a) the Class is so numerous that joinder of all individual Class Members in the Action is
21  impracticable; (b) there are questions of law and fact common to the Class and those common
22
23  questions of law and fact predominate over any individual questions; (c) the claims of the
24  Plaintiffs are typical of the claims of the Class; and (d) the Plaintiffs and their counsel will fairly
25  and adequately represent the interests of the Class.

26
27
28

5.     The Court also finds that the requirements for Rule 23(b)(2) are met in that MXI has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief is appropriate respecting the Class as a whole.

6.     The Court also finds that the requirements for Rule 23(b)(3) are met in that common questions of law or fact common to the Class Members predominate over any questions affecting only individual Class Members, and that adjudicating the rights of the Class Members as a class is superior to other available methods for fairly and efficiently adjudicating the controversy.  In making this finding, the Court has considered the Class Members' interests in individually controlling the prosecution of their claims against the Defendants; the fact that there appears to be no litigation concerning the controversy already begun by Class Members, other than this action; that it is desirable to concentrate the litigation of all Class Members' claims before this Court; and the lack of difficulties in managing this Class Action under the procedures set forth in the Settlement.

7.     The Court finds that the settlement is the product of serious, informed, non-collusive negotiations conducted at arms' length by the parties and with the initial assistance of a mediator.

8.     The Court finds that the terms of the Settlement Agreement are fair, adequate, and reasonable and comply with Rule 23.  In making these findings, the Court considered, among other factors, the potential damages claimed in the lawsuit on behalf of the Plaintiffs and members of the Settlement Class, Defendants' potential liability, the risks of continued litigation including trial outcome, delay, and potential appeals, the substantial benefits available to the Settlement Class as a result of the settlement, and the fact that the proposed settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at

1    trial. The Court further finds that the terms of the settlement have no obvious deficiencies and

2    do not improperly grant preferential treatment to any individual member of the Settlement Class.

3        9.    The Court finds that the Injunctive Relief provided for in the Settlement

4    Agreement is appropriate, and enjoins Defendant MXI as follows:

5        a.    Within 150 days of the Effective Date, MXI will provide to Class Counsel: (a)
6             copies of any policies, procedures, rules, regulations, and agreements that then
              govern or apply to its contractual relationships with its members and its preferred
7             customers; (b) evidence that MXI is no longer encouraging or incentivizing its
              members to purchase goods or services to maintain eligibility for bonuses,
8             rewards, or commissions; (c) evidence that MXI is no longer inducing others to
              encourage or incentivize members to purchase goods or services to maintain an
9             eligibility for bonuses, rewards, or commissions; (d) evidence that MXI is
              encouraging its members to purchase goods or services for resale or personal use;
10            and (e) evidence that MXI requires a member to have at least 51% of his or her
11            group qualifying sales volume of goods or services from preferred customers in
              order to earn compensation.
12

13       b.    Within 30 days of the Effective Date, MXI may not pay any compensation to its
              members unless at least 10% of the member's group qualifying sales volume of
14            goods or services are from preferred customer sales.

15       c.    Within 60 days of the Effective Date, MXI may not pay any compensation to its
              members unless at least 20% of the member's group qualifying sales volume of
16            goods or services are from preferred customer sales.

17       d.    Within 90 days of the Effective Date, MXI may not pay any compensation to its
18            members unless at least 30% of the member's group qualifying sales volume of
              goods or services are from preferred customer sales.

19
         e.    Within 120 days of the Effective Date, MXI may not pay any compensation to its
20            members unless at least 40% of the member's group qualifying sales volume of
              goods or services are from preferred customer sales.
21

22       f.    Within 150 days of the Effective Date, MXI may not pay any compensation to its
              members unless at least 51% of the member's group qualifying sales volume of
23            goods or services are from preferred customer sales.

24       10.   The Court directs the Parties and the Settlement Administrator to consummate the

25   Settlement Agreement according to its terms.

26       11.   The Court finds that the notice that has been provided to the Settlement Class

27   members, as well as the means by which it was provided, as described in the submissions by

28

Class Counsel describing the notice provided, was done in accordance with the Court's Preliminary Approval Order, constitutes the best notice practicable under the circumstances and is in full compliance with the due process requirements of the United States Constitution and the requirements of Rule 23. The Court further finds that the notice fully and accurately informed Settlement Class members of all material elements of the lawsuit and proposed class action settlement, of all material elements of the lawsuit and proposed class action settlement, of each member's right to be excluded from the settlement, and each member's right and opportunity to object to the proposed class action settlement and be heard at the Fairness Hearing.

12. The Court orders that the releases set forth in Section III of the Settlement Agreement are effective as of the Effective Date.

13. The Court finds that the Class Members listed on Exhibit A to this Order have timely requested exclusion from the Settlement Agreement. These Class Members are not bound by the releases described in Section III of the Settlement Agreement and may receive no awards pursuant to the Settlement Agreement, as described in Section XII and XIII of the Settlement Agreement. However, these excluded Class Members are still Class Members for purposes of the Injunctive Relief described above.

14. Each of the Parties is to bear its own fees and costs except as expressly provided in the Settlement Agreement or in any order the Court may issue regarding an award of attorneys' fees and expenses to Class Counsel and service awards to the Class Representatives.

15. The Court hereby dismisses the Action with prejudice in accordance with the terms of the Settlement Agreement; however, the Court shall retain continuing jurisdiction to interpret, implement, and enforce the settlement and all orders and judgment entered in connection therewith.

16.    The Court directs the Clerk of the Court to enter this Order as a judgment.

**APPROVED AND SO ORDERED:**

Dated: _____, 2016

_____
United States District Judge