**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ENRIQUE MARTINEZ, *et al.*,<br><br>           Plaintiffs,<br><br>     vs.<br><br>MXI CORP., *et al.*,<br><br>           Defendants. | **CASE NO. 3:15-cv-00243-MMD-VPC**<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, SETTLEMENT CLASS CERTIFICATION AND JUDGMENT** |

WHEREAS, Plaintiffs Enrique Martinez, Michelle Martinez, Sunshine Martinez-Valdez, Beckie Lobb, and Paula Wilson ("**Plaintiffs**" or "**Class Representatives**"), individually and on behalf of all others similarly situated, on the one hand, and Defendants (a) MXI Corp., Jeannette Brooks, Martin Brooks, and Andrew Brooks (collectively, the "**MXI Defendants**"), (b) Paula Pritchard, Kathleen Robbins, Ian Murray, Judy Murray, Sandy Chambers, and Kerry Dean (collectively, the "**Pritchard Defendants**"), (c) Adam Paul Green, Derrick Winkel, Paul Engemann, and Felix Gudino (collectively, the "**Green Defendants**"), and (d) Jeremy Reynolds, Dr. Gordon Pedersen, Connie Hollstein, Sherman Smith, Ruth Smith, William "Butch" Swaby, and Glen Overton (collectively, the "**Reynolds Defendants**," and together with the MXI Defendants, Prichard Defendants, and Green Defendants, the "**Defendants**"), on the other hand, entered into a Settlement Agreement, filed November 3, 2016;

WHEREAS, on November 21, 2016, this Court entered an Order Scheduling Fairness Hearing, Granting Preliminary Approval of Class Action Settlement, Conditionally Certifying the Settlement Class, and Providing for Notice (the "**Preliminary Approval Order**") (ECF No. 162);

WHEREAS, the Class Representatives have filed a Joint Motion for Final Approval of the Class Action Settlement;

WHEREAS, on February 27, 2017, this Court held a Fairness Hearing[1] to consider the following issues, among others:

(1) Whether to finally certify the Class for settlement purposes;

(2) Whether the terms of the Settlement Agreement are fair, reasonable, and adequate for the settlement of the claims being released by the Class, including all claims alleged in the First Amended Complaint filed in this Action;

(3) Whether to enter the Injunctive Relief set forth in the Settlement Agreement;

(4) Whether to direct the Parties to consummate the Settlement Agreement pursuant to its terms;

(5) Whether to find that the notice provided the Class Members constituted due, adequate, and sufficient notice of the Settlement Agreement, meeting the requirements of due process and the Federal Rules of Civil Procedure (the "**Rules**");

(6) Whether to direct that the releases set forth in the Settlement Agreement be deemed effective as of the Effective Date;

(7) Whether judgment should be entered dismissing the First Amended Complaint and on the merits with prejudice, without fees or costs to any party except as the Court may award Class Counsel or the Class Representatives from the Settlement Fund;

(8) Whether, without affecting the finality of any order granting final approval of the Settlement Agreement and dismissing the Action, retain jurisdiction as to all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and this Order, and for any other necessary purpose; and

(9) Incorporate any other provisions into the Final Order And Judgment that the Court deems necessary and just.

WHEREAS, the Court considered all objections to the Settlement Agreement submitted by Class Members;

WHEREAS, the Court considered the Settlement Agreement, all materials submitted by the Parties in support of the Settlement Agreement, and the record as a whole, and the lack of any objection.

NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED as follows:

1. The Court has jurisdiction over the subject matter and parties to this proceeding, including all members of the Settlement Class, pursuant to 28 U.S.C. § 1332(d).

---

[1] Unless otherwise noted, all capitalized terms have the meaning set forth in the Settlement Agreement (ECF No. 158-1).

2.      Venue is proper in this District.

3.      The Court orders that the following Settlement Class is finally certified for settlement purposes only: All MXI Associates who (1) received less money from MXI than they paid MXI in fees or product purchases over the course of their associations with MXI, up to the November 3, 2016, (2) made any payment to MXI to purchase product or pay fees between May 1, 2011 and November 3, 2016, and (3) were U.S. residents at any time between May 1, 2011 and the present; provided, however, that the Defendants, their affiliates, their management, their employees and their spouses are excluded from the Settlement Class, provided further that the foregoing exclusions shall not cover MXI Associates other than any Defendants.

4.      For the purposes of approving the Settlement Agreement only and for no other purpose, the Court finds that the Class meets the prerequisites for a class action under Rule 23(a) in that: (a) the Class is so numerous that joinder of all individual Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Class and those common questions of law and fact predominate over any individual questions; (c) the claims of the Plaintiffs are typical of the claims of the Class; and (d) the Plaintiffs and their counsel will fairly and adequately represent the interests of the Class.

5.      The Court also finds that the requirements for Rule 23(b)(2) are met in that MXI has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief is appropriate respecting the Class as a whole.

6.      The Court also finds that the requirements for Rule 23(b)(3) are met in that common questions of law or fact common to the Class Members predominate over any questions affecting only individual Class Members, and that adjudicating the rights of the Class Members as a class is superior to other available methods for fairly and efficiently adjudicating the controversy. In making this finding, the Court has considered the Class Members' interests in individually controlling the prosecution of their claims against the Defendants; the fact that there appears to be no litigation concerning the controversy already begun by Class Members, other than this action; that it is desirable to concentrate the litigation of all Class Members' claims

before this Court; and the lack of difficulties in managing this Class Action under the procedures set forth in the Settlement.

7. The Court finds that the settlement is the product of serious, informed, non-collusive negotiations conducted at arms' length by the parties and with the initial assistance of a mediator.

8. The Court finds that the terms of the Settlement Agreement are fair, adequate, and reasonable and comply with Rule 23. In making these findings, the Court considered, among other factors, the potential damages claimed in the lawsuit on behalf of the Plaintiffs and members of the Settlement Class, Defendants' potential liability, the risks of continued litigation including trial outcome, delay, and potential appeals, the substantial benefits available to the Settlement Class as a result of the settlement, and the fact that the proposed settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial. The Court further finds that the terms of the settlement have no obvious deficiencies and do not improperly grant preferential treatment to any individual member of the Settlement Class.

9. The Court finds that the Injunctive Relief provided for in the Settlement Agreement is appropriate, and enjoins Defendant MXI as follows:

    a. Within 150 days of the Effective Date, MXI will provide to Class Counsel: (a) copies of any policies, procedures, rules, regulations, and agreements that then govern or apply to its contractual relationships with its members and its preferred customers; (b) evidence that MXI is no longer encouraging or incentivizing its members to purchase goods or services to maintain eligibility for bonuses, rewards, or commissions; (c) evidence that MXI is no longer inducing others to encourage or incentivize members to purchase goods or services to maintain an eligibility for bonuses, rewards, or commissions; (d) evidence that MXI is encouraging its members to purchase goods or services for resale or personal use; and (e) evidence that MXI requires a member to have at least 51% of his or her group qualifying sales volume of goods or services from preferred customers in order to earn compensation.

    b. Within 30 days of the Effective Date, MXI may not pay any compensation to its members unless at least 10% of the member's group qualifying sales volume of goods or services are from preferred customer sales.

    c. Within 60 days of the Effective Date, MXI may not pay any compensation to its members unless at least 20% of the member's group qualifying sales volume of goods or services are from preferred customer sales.

      d.      Within 90 days of the Effective Date, MXI may not pay any compensation to its members unless at least 30% of the member's group qualifying sales volume of goods or services are from preferred customer sales.

      e.      Within 120 days of the Effective Date, MXI may not pay any compensation to its members unless at least 40% of the member's group qualifying sales volume of goods or services are from preferred customer sales.

      f.      Within 150 days of the Effective Date, MXI may not pay any compensation to its members unless at least 51% of the member's group qualifying sales volume of goods or services are from preferred customer sales.

10. The Court directs the Parties and the Settlement Administrator to consummate the Settlement Agreement according to its terms.

11. The Court finds that the notice that has been provided to the Settlement Class members, as well as the means by which it was provided, as described in the submissions by Class Counsel describing the notice provided, was done in accordance with the Court's Preliminary Approval Order, constitutes the best notice practicable under the circumstances and is in full compliance with the due process requirements of the United States Constitution and the requirements of Rule 23. The Court further finds that the notice fully and accurately informed Settlement Class members of all material elements of the lawsuit and proposed class action settlement, of all material elements of the lawsuit and proposed class action settlement, of each member's right to be excluded from the settlement, and each member's right and opportunity to object to the proposed class action settlement and be heard at the Fairness Hearing.

12. The Court orders that the releases set forth in Section III of the Settlement Agreement are effective as of the Effective Date.

13. The Court finds that the Class Members listed on Exhibit A to this Order have timely requested exclusion from the Settlement Agreement. These Class Members are not bound by the releases described in Section III of the Settlement Agreement and may receive no awards pursuant to the Settlement Agreement, as described in Section XII and XIII of the Settlement Agreement. However, these excluded Class Members are still Class Members for purposes of the Injunctive Relief described above.

14. Each of the Parties is to bear its own fees and costs except as expressly provided in the Settlement Agreement or in any order the Court may issue regarding an award of attorneys' fees and expenses to Class Counsel and service awards to the Class Representatives.

15. The Court hereby dismisses the Action with prejudice in accordance with the terms of the Settlement Agreement; however, the Court shall retain continuing jurisdiction to interpret, implement, and enforce the settlement and all orders and judgment entered in connection therewith.

16. The Court directs the Clerk of the Court to enter this Order as a judgment and close this case.

**APPROVED AND SO ORDERED:**

Dated: February 28, 2017

_____
MIRANDA M. DU
United States District Judge

# EXHIBIT A

# EXHIBIT A

**MXI**
**Opt Out Members**

| Member ID | Name | Postmark Date | LFC Comment |
|---|---|---|---|
| 264225 | Valerie Edmond | 1/9/2017 | ID Not Provided - LFC determined |
| 229167 | Claire Rademacher | 12/28/2016 | ID Not Provided - LFC determined |
| 15778 | Colleen Jones | 1/13/2017 | ID Not Provided - LFC determined |
| 208498 | Chantel Laudenschlager | 1/9/2017 | ID Not Provided - LFC determined |
| 127411 | Dianne Laudenschlager | 1/9/2017 | ID Not Provided - LFC determined |
| 227257 | Dorthy E Marden | 1/5/2017 | ID Not Provided - LFC determined |
| 123946 | Elizabeth A. Olivier | 1/19/2017 | |
| 10347 | Joann Price | 1/25/2017 | ID Not Provided - LFC determined |
| 140116 | Ann/David Carr | 1/30/2017 | ID Not Provided - LFC determined |
| 228281 | Melinda Sothern | 2/1/2017 | ID Not Provided - LFC determined |
| 236932 | Kary Kielhofer | 2/6/2017 | ID Not Provided - LFC determined |
| 262212 | Nancy Swecker | 2/9/2017 | |
| | | | |
| | | | |
| | | | |